# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**STEPFONE L. JOHNSON,**

    **Plaintiff,**

vs.                                              Case No.  1:24cv142-MW-MAF

**OFFICER B. ZAYAS, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Stepfone L. Johnson, while detained in the Alachua County Jail, submitted a hand-written "complaint," to the United States District Court for the Middle District of Florida on August 15, 2024.  ECF No. 1. That Court transferred the case to this Court because the events alleged which give rise to this civil rights action occurred in Alachua County, Florida.  ECF No. 3.  Transfer occurred on August 22, 2024.  ECF No. 4.

An Order was entered by the undersigned on August 23, 2024, providing guidance to Plaintiff as to how to proceed.  ECF No. 6.  Plaintiff never received that Order.  The Clerk of Court has entered the return of that mail on the docket.  ECF No. 7.  The mailing envelope contains a

Page 2 of 3

stamp from the Alachua County Jail which states: "return to sender - not in custody." *Id.* The Court has confirmed that Plaintiff did not file a notice of change of address with the Middle District of Florida, and also confirmed that Plaintiff is not in the custody of the Florida Department of Corrections either.

Because mail cannot reach Plaintiff and Plaintiff has not provided a notice of change of address, this litigation cannot continue and must be dismissed without prejudice. Indeed, this case never truly began because Plaintiff had not yet paid the filing fee nor been granted leave to proceed in forma pauperis.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**